United States District Court
For the Northern District of California

IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| MARY CARTEN,<br><br>  Plaintiff,<br><br>  v.<br><br>HARTFORD LIFE AND ACCIDENT INSURANCE COMPANY, GROUP LONG TERM DISABILITY PLAN FOR EMPLOYEES OF FMR CORPORATION, and DOES 1 through 20, inclusive,<br><br>  Defendants. | No. C 10-04019 WHA<br><br>**ORDER DENYING MOTION TO DISMISS PLAINTIFF'S CLAIM UNDER ERISA SECTION 502(a)(3) AND VACATING HEARING** |

In this ERISA action, defendants move to dismiss plaintiff Mary Carten's claim brought under Section 502(a)(3) of the Employment Income Retirement Security Act, 29 U.S.C. 1001 *et seq.*, for "equitable and injunctive relief" based upon alleged breaches of fiduciary duty by defendant Hartford Life and Accident Insurance Company in administering the long-term disability plan at issue. As explained below, the very issues presented in the instant motion have been addressed by the undersigned judge in a prior unrelated action, and for exactly the same reasons, defendants' motion to dismiss this claim is **DENIED**.

The operative complaint alleged two ERISA claims against defendants. *First*, pursuant to Section 502(a)(1)(B) of ERISA, 29 U.S.C. 1132(a)(1)(B), the complaint alleged that defendants wrongfully denied plaintiff's long-term disability benefits under the ERISA-governed plan in

question (Compl. ¶¶ 19–25).  The instant motion does *not* target this particular claim.  *Second*, pursuant to Section 502(a)(3) of ERISA, 29 U.S.C. 1132(a)(3), the complaint alleged that defendant Hartford Life and Accident Insurance Company breached its fiduciary duties to plan participants and beneficiaries with respect to its management of the plan (*id.* at ¶¶ 26–31). Specifically, the complaint alleged that Hartford Life and Accident Insurance Company violated these fiduciary duties by, *inter alia* (*id.* at ¶ 31):

> A. Consciously, unreasonably and intentionally and without justification denying full payment due for Plaintiff's claim for disability benefits, despite knowledge that Plaintiff and similarly situated claimants qualify for such benefits under the terms and conditions of her compensation agreement;
>
> B. Consciously and unreasonably delaying the decision concerning Plaintiff's claim, and related claims and/or similar claims, for disability benefits;
>
> C. Consciously and unreasonably failing to investigate all bases upon which to pay and honor Plaintiff's claim, and related claims and/or similar claims, for benefits and consciously and unreasonably failing to investigate all bases to support coverage, fairly and in good faith and refusing to give Plaintiff's interests or the interests of the Plan at least as much consideration as they gave their own;
>
> D. Consciously and unreasonably asserting improper bases for denying full payment of Plaintiff's claim, and related claims and/or similar claims, for disability benefits;
>
> E. Consciously and unreasonably delaying, refusing, and continuing to refuse to pay Plaintiff benefits, and related claims and /or similar claims for benefits, properly payable under the Plan and to deprive Plaintiff of the full amount of rightful benefits with the knowledge that said delays and denials were and are wrongful and contrary to their obligations under the Plan and the law, including intentionally failing to apply the correct definition of monthly earnings to all of the Plan participants to whom that definition applies;

As shown, these and other allegations set forth in the complaint do not merely assert an erroneous denial of benefits to one individual, but instead assert that defendant Hartford Life and Accident Insurance Company has a pattern and practice of denying legitimate claims in order to boost profits, thereby breaching its fiduciary duties and entitling plaintiff to further equitable relief under Section 502(a)(3).  The relief sought by plaintiff under this claim included (*ibid.*):

2

> [A] judgment permanently enjoining Defendants from . . . denying benefits based upon an interpretation of "total disability" different from that required under applicable law and the Plan, including the requirement that a claimant be unable to work with reasonable continuity in the usual and customary way; and . . . [f]rom obtaining input from biased medical consultants with a conflict of interest with Defendants who are not appropriately trained and experienced in the conditions which are the subject of the claim.

Additionally, the complaint further requested (*id.* at ¶ 32):

> [J]udgment permanently enjoining Defendants from ever again serving as a fiduciary with respect to the Plan, together with attorneys' fees and costs. In addition, Plaintiff seeks . . . an order by this Court that the full amount of benefits due since September 8, 2009 be paid with interest on all retroactive payments due and owing, that Defendants be enjoined from terminating benefits for the duration of the applicable maximum benefit period under the Plan, and that she be placed in the position she would have been in had she been paid the full amount of benefits to which she is entitled, including, without limitation, interest, attorneys fees and other losses resulting from Defendants' breach.

According to defendants, this claim brought pursuant to Section 502(a)(3) is entirely duplicative of plaintiff's claim asserted under Section 502(a)(1)(B), is unsupported by sufficient factual allegations in the complaint, and the "equitable and injunctive" remedies sought by plaintiff under Section 502(a)(3) are not available or appropriate under ERISA. Plaintiff, by contrast, argues that a plausible claim under Section 502(a)(3) has been stated and that it is simply too premature to dismiss this claim before a record has been developed and the Court can properly gauge whether Section 502(a)(1)(B) of ERISA will provide an "adequate" remedy. This order agrees.

A complaint may survive a motion to dismiss if, taking all well-pleaded factual allegations as true, it contains "enough facts to state a claim to relief that is plausible on its face." *Ashcroft v. Iqbal*, ---- U.S. ----, ----, 129 S.Ct. 1937, 1949 (2009) (quoting *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). Here, neither side disputes that the operative complaint states a plausible claim for relief under Section 502(a)(1)(B) based upon defendants' alleged "wrongful, arbitrary and capricious" denial of Ms. Carten's long-term disability benefits (*see* Compl. ¶¶ 8–18). This is exactly the basis for plaintiff's first claim for relief in the operative complaint, which seeks a recovery of long-term disability benefits wrongfully withheld.

3

1    Plaintiff's second claim brought pursuant to Section 502(a)(3), however, clearly seeks
2 relief above and beyond the recovery of long-term disability benefits. It seeks, among other
3 things, a permanent injunction barring defendants from: (1) serving as fiduciaries to the plan, (2)
4 obtaining input from biased, improperly trained, or inexperienced medical consultants, and (3)
5 denying benefits based upon an interpretation of "total disability" different from that required
6 under applicable law and the plan. Such injunctive relief is *not* available under plaintiff's claim
7 brought pursuant to Section 502(a)(1)(B).

8    In *Fowler v. Aetna Life Insurance Company, et. al.*, the undersigned judge considered and
9 denied an almost identical motion to dismiss. *See* CV 08-03463 WHA, 2008 WL 4911172, at
10 *2–5 (N.D. Cal. 2008). The complaint in *Fowler*, much like plaintiff's complaint here, alleged
11 claims under both Section 502(a)(1)(B) and 502(a)(3) of ERISA. The complaint in *Fowler* also
12 alleged that defendants had:

> (i) "delay[ed] the decision concerning Plaintiff's claim and related claims and/or similar claims;" (ii) "fail[ed] to investigate all basis upon which to pay and honor Plaintiff's claim, and related claims and/or similar claims;" and (iii) "fail[ed] to adopt and implement reasonable or proper standards applicable to the prompt and fair investigation, processing and adjudication of Plaintiff's claim, and related claims and/or similar claims"

17 *Id.* at *3. Based upon these allegations of a systemwide practice and policy affecting plan
18 participants and beneficiaries, the complaint in *Fowler* sought injunctive relief that mirrored the
19 relief sought in the instant complaint. After navigating through the case law, the Court declined
20 to dismiss the Section 502(a)(3) claim based upon the following rationale:

> At this early stage in litigation, any dismissal would be premature. *Without a more fully-developed record, no one in this action is yet in a position to determine what, if any, equitable relief Fowler may be entitled to or whether or not Section 502(a)(1) provides her with adequate relief for any wrong.* Accordingly, Fowler's Section 502(a)(3) will remain intact for now[.]

*Id.* at *5 (emphasis added).

   So too here. Given that this litigation is still in its early stages, it is simply too early to know whether Ms. Carten may be entitled to equitable relief beyond that which is allowed under Section 502(a)(1)(B). Stated differently, it is too soon to tell whether Section 502(a)(1)(B) will provide an "adequate" remedy for her claims, or whether additional relief is "appropriate." If

4

plaintiff *is* entitled to relief beyond what is authorized under Section 502(a)(1)(B), her additional claim under Section 502(a)(3) would properly serve as "a catchall provision that acts as a safety net, offering appropriate equitable relief for injuries caused by violations that [ERISA] does not elsewhere adequately remedy." *Great-West Life & Annuity Ins. Co. v. Knudson*, 534 U.S. 204, 221 n.5 (2002); *see also LaRue v. DeWolff, Boberg & Associates, Inc.*, 552 U.S. 248, 258 (2008) ("[R]elief is not 'appropriate' under § 502(a)(3) if another provision, such as § 502(a)(1)(B), offers an adequate remedy.").

None of defendants' arguments is persuasive. *First*, as explained above, plaintiff's Section 502(a)(3) claim is *not* duplicative of her Section 502(a)(1)(B) claim. The latter seeks only recovery of long-term disability benefits wrongfully withheld from the individual plaintiff, while the former is based upon an alleged pattern or practice by defendant Hartford Life Insurance Company in breach of its fiduciary duties to plan participants and beneficiaries. In other words, the claims and relief sought for each are different. *Second*, the law on this point has not changed since the decision in *Fowler* to require an early dismissal of plaintiff's Section 502(a)(3) claim before the record has been adequately developed. While it may end up that plaintiff's Section 502(a)(1)(B) claim will provide "adequate" and "appropriate" relief for the harms alleged, it is simply too early to tell. Plaintiff, however, has met the minimum pleading requirements under *Iqbal* for her Section 502(a)(3) claim, and she will be allowed to develop the record so that these questions can be properly addressed. *Third*, it is also premature to address whether the various flavors of injunctive relief requested in the complaint are "appropriate." When, if ever, plaintiff establishes her entitlement to relief, these questions will be ripe for adjudication.

For these reasons, defendants' motion to dismiss plaintiff's Section 502(a)(3) claim is **DENIED.** As stated in *Fowler*, however, the Court will remain ever mindful of the Supreme Court's express admonishment that "courts, in fashioning 'appropriate' equitable relief [under ERISA], will keep in mind the 'special nature and purpose of employee benefit plans,' and will respect the 'policy choices reflected in the inclusion of certain remedies and the exclusion of others.'" *Varity Corp. v. Howe*, 516 U.S. 489, 515 (1996) (quotation omitted). Finally,

5

defendants' motion to strike plaintiff's request for a jury trial in this matter is **DENIED AS MOOT**. In her opposition brief, plaintiff withdrew her request for a jury trial, and this order accepts the withdrawal without further comment (Opp. 8).

All matters having been addressed, the hearing on this motion is **VACATED**.

**IT IS SO ORDERED.**

Dated: October 21, 2010.

WILLIAM ALSUP
UNITED STATES DISTRICT JUDGE